UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re

Pauline Gordon
3510 Carolina Avenue
Richmond, VA 23222-0000
SSN/ITIN: xxx-xx-4710,

Case No. 23-34253-KRH
Chapter 7

Debtor(s).

### NOTICE OF MOTION TO EXAMINE DEBTOR'S TRANSACTIONS WITH HENRY W. MCLAUGHLIN, III, ESQUIRE, AND RETURN OF ATTORNEY'S FEES AND IMPOSITION OF SANCTIONS

PLEASE TAKE NOTICE THAT the United States Trustee has filed with the Court a **Motion To Examine Debtor's Transactions With Henry W. McLaughlin, III, Esquire, and Return Of Attorney's Fees and Imposition of Sanctions** (the "Motion") in the above-captioned case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) UNDER LOCAL BANKRUPTCY RULE 9013-1, UNLESS A WRITTEN RESPONSE IN OPPOSITION TO THIS MOTION AND SUPPORTING MEMORANDUM ARE FILED WITH THE CLERK OF COURT AND SERVED ON THE MOVING PARTY WITHIN 21 DAYS OF THE SERVICE OF THIS NOTICE, THE COURT MAY DEEM ANY OPPOSITION WAIVED AND TREAT THE MOTION AS CONCEDED.**

If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion, then on or before **21 days of service of this motion** you or your attorney must:

(X) File with the Court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(G)]. You must mail or otherwise file it early enough so the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street – Suite 4000
> Richmond, Virginia 23219

You must also mail a copy to:

---

Kathryn R. Montgomery (VSB 42380)
Shannon Pecoraro (VSB 46864)
Nisha R. Patel (VSB 83302)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

Kathryn R. Montgomery, Esq.
Assistant United States Trustee
Office of the United States Trustee
701 E. Broad Street – Suite 4304
Richmond, VA 23219

(X) Attend a hearing to consider the Motion scheduled to be held **in person** for **February 28, 2024, at 12:00 p.m.,** prevailing Eastern Time, in the **United States Bankruptcy Court, 701 E. Broad Street, Courtroom 5000, Richmond, VA 23219 before** the Honorable Judge Kevin R. Huennekens.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting the relief requested.

Date: January 22, 2024

GERARD R. VETTER
Acting United States Trustee
Region Four

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery, Esq.
Assistant United States Trustee
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, a true copy of the foregoing was served via electronic mail pursuant to the Administrative Procedures of the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties. In addition, a copy was mailed to the Debtor and mailed and emailed to counsel for the Debtor:

Pauline Gordon
3510 Carolina Avenue
Richmond, VA 23222-0000

Henry W. McLaughlin, III, Esq.
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street
Suite 1050
Richmond, VA 23219
henry@mclaughlinvalaw.com

William Anthony Broscious
P.O. Box 71180
Henrico, VA 23255
wbroscious@wabtrustee.com

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:   Pauline Gordon

                                    Debtor.

Case No. 23-34253-KRH

Chapter 7

**MOTION TO EXAMINE DEBTOR'S TRANSACTIONS WITH
HENRY W. MCLAUGHLIN, III, ESQUIRE, AND
RETURN OF ATTORNEY'S FEES AND IMPOSITION OF SANCTIONS**

The Acting United States Trustee for Region Four, Gerard R. Vetter, ("United States Trustee"), by counsel, moves the Court pursuant to §§ 105 and 329 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 2017 to examine the transactions of Pauline Gordon (the "Debtor") with Henry W. McLaughlin, III, Esquire, ("Counsel"), to have Counsel return an appropriate amount of funds paid by the Debtor, and to impose appropriate sanctions as the Court determines. In support of this Motion, the United States Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(a) and (b).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

---

Kathryn R. Montgomery (VSB 42380)
Shannon Pecoraro (VSB 46864)
Nisha R. Patel (VSB 83302)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

## FACTS

4. On December 13, 2023 (the "Petition Date"), the Debtor, with the assistance of Counsel, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (ECF 1)

5. On December 13, 2023, the Debtor, with the assistance of Counsel, filed an application to pay filing fee in installments. (ECF 2)

6. On December 14, 2023, William A. Broscious, Esquire (the "Chapter 7 Trustee") was appointed trustee and continues to serve as Chapter 7 Trustee in this bankruptcy case. (ECF 4)

7. The Disclosure of Attorney Compensation indicates that Counsel agreed to represent the Debtor for no fee. (ECF 17 at Disclosure of Compensation)

8. On December 27, 2023, the Debtor, with assistance of Counsel, filed Schedules and/or Statements, Lists, Additional Creditors, Chapter 7 Statement of Your Current Monthly Income Form 122A-1, and Attorney Fee Disclosure. (ECF 17)

9. The initial Chapter 7 Meeting of Creditor (the "Initial § 341 Meeting") was convened by the Chapter 7 Trustee on January 9, 2024.

10. Neither the Debtor nor Counsel appeared at the Initial § 341 Meeting.

11. After receiving no request to reschedule the Initial § 341 Meeting, on January 11, 2024, the United States Trustee filed a certification pursuant to Local Rule 2003-1(B) for failure of the Debtor and Counsel to appear at the Initial § 341 Meeting (the "Certification"). (ECF 19)

12. On January 12, 2024, the Court entered an Order Setting Hearing on the Certification for February 14, 2024. (ECF 20)

13. Counsel advised the United States Trustee that the failure to appear was his mistake and that going forward, he would not accept any new representations for bankruptcy cases, regardless of the chapter.

14. Based on Counsel's failure to appear at the Initial § 341 Meeting, the Debtor's case will possibly be dismissed.

## ARGUMENT

15. Bankruptcy Code § 329 authorizes the Court to examine the Debtor's transactions with Counsel. Bankruptcy Code § 329 provides, as follows:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
> (1) the estate if the property transferred –
>     (A) would have been property of the estate; or
>     (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> (2) the entity that made such payment.

11 U.S.C. § 329

16. Bankruptcy Rule 2017 provides authority for this Court to determine whether payment of money or transfer of property of the debtor, either before or after an order for relief, is excessive.

17. The Court has an obligation to review attorney fees under §329(b) and Rule 2017 and may order fee disgorgement or other relief. *See, In re Molina*, 2009 Bankr. LEXIS 4126

3

(Bankr. E.D. Va. Dec. 15, 2009); *see also Goodbar v. Beskin*, 2013 U.S. Dist. LEXIS 42675 (W.D. Va.) (Judge Urbanski) ("Section 329(b) reflects a bankruptcy court's duty to carefully review the compensation paid to the debtor's attorney."); *In re Ohpark*, 2010 Bankr. LEXIS 1580 (Bankr. E.D. Va.).

18. Section 105(a) not only enables the bankruptcy court to issue any order needed to enforce violations of other sections of the Bankruptcy Code, but also serves as a separate source for sanctions in its own right. *Weiss v. First Citizens Bank & Trust Co.*, 111 F.3d 1159, 1171-1172 (4th Cir. 1997), cert. denied, 522 U.S. 950 (1997). Bankruptcy courts have the power to sanction parties or counsel for bad faith conduct in bankruptcy proceedings. *See, e.g., Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000)(section 105(a) power "includes the power to sanction counsel"); *In re Babcock*, 258 B.R. 646, 651 (Bankr. E.D. Va. 2001)(among other things, court imposed $2,653.00 in monetary sanctions against counsel for his negligent administration of debtors' chapter 7 case).

19. Bankruptcy Code § 105 "gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2007) (citations omitted). Attorneys may be held liable for improper or unprofessional conduct in a case. *In re Johnson*, 2008 Bankr. LEXIS 164 (Bankr. E.D. Va. Jan. 18, 2008); *see also In re Computer Dynamics, Inc.*, 252 B.R. 50, 64 (Bankr. E.D. Va. 1997), aff'd, 181 F.3d 87, 1999 WL 350943 (4th Cir. 1999).

20. Counsel continues to display a pattern of failure to comply with Court rules and the Bankruptcy Code. His history includes:

4

a. On April 19, 2023, this Court opened a Miscellaneous Proceeding, *In re Henry W. McLaughlin, III*, Misc. Pro. No. 23-302, to address Counsel's deficiencies (the "Miscellaneous Proceeding"). On April 19, 2023, the Court issue a show cause order in the Miscellaneous Proceeding directing Counsel to appear before the Court to explain his failure to attend a scheduled Court hearing in the case of Robert Allen, Case Number 23-30577-KRH. (Miscellaneous Proceeding, ECF 3). In the Miscellaneous Proceeding, after conducting a show cause hearing, the Court entered an order holding Counsel in contempt for his "repeated failure to comply with the Rules of Court…" and ordered the return of fees to Robert Allen in the amount of $1,000.00 by April 26, 2023, and the imposition of sanctions of $100.00 to be paid by the same date. The Court also directed counsel to take eight (8) hours of continuing legal education courses pertaining to bankruptcy by October 12, 2023.

b. On September 21, 2023, on the United States Trustee's Motion to Examine Debtor's Transactions with Henry W. McLaughlin, III filed in *In re Cox*, Case No. 23-32357, this Court entered an Order requiring Counsel to return fees of $500 to his client, to pay a sanction of $100 to his client, and to comply with his duties imposed by applicable law, rules, or orders, including, but not limited to: "Mr. McLaughlin shall immediately implement and comply with office procedures to ensure proper calendaring of case deadlines and 341 meeting dates [and] Mr. McLaughlin shall not fail to attend any 341 meetings unless excused by the Office of the United States Trustee. If Mr. McLaughlin and/or his client is unable to attend a 341 meeting, Mr. McLaughlin shall timely request to

5

reschedule the 341 meeting and shall comply with the decision regarding rescheduling." (*In re Cox*, Case No. 23-32357, ECF 45, paragraph 3.D.)

21. Counsel's failure to calendar, attend, and inform the Debtor of the 341 meeting on January 9, 2024 has caused unnecessary cost and delay to the Debtor, the Debtor's creditors, the Chapter 7 Trustee, the United States Trustee, and this Court.

22. Counsel's failure to calendar, attend, and inform the Debtor of the 341 meeting on January 9, 2024 violates the Court's Order in *In re Cox*, Case No. 23-32357.

23. Based on the allegations described in the foregoing paragraphs, to the extent the Debtor paid any fees to Counsel, Counsel should refund all or a portion of those fees and appropriate sanctions should be imposed on Counsel as determined by the Court.

24. Counsel and the United States Trustee ask that the Court consider a proposed Consent Order, attached as Exhibit 1.

WHEREFORE, the United States Trustee, by counsel, moves the Court to grant his Motion and consider entry of the proposed Consent Order.

                        Respectfully submitted,

                        GERARD R. VETTER
                        Acting United States Trustee
                        Region Four

Date: January 22, 2024

                        By: /s/ Kathryn R. Montgomery
                            Kathryn R. Montgomery
                            Assistant United States Trustee

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2024, a true copy of the foregoing was served via electronic mail pursuant to the Administrative Procedures of the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Virginia to all necessary parties. In addition, a copy was mailed to the Debtor and mailed and emailed to counsel for the Debtor:

Pauline Gordon
3510 Carolina Avenue
Richmond, VA 23222-0000

Henry W. McLaughlin, III, Esq.
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street
Suite 1050
Richmond, VA 23219
henry@mclaughlinvalaw.com

William Anthony Broscious
P.O. Box 71180
Henrico, VA 23255
wbroscious@wabtrustee.com

                                                /s/ Kathryn R. Montgomery
                                                Kathryn R. Montgomery

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:  Pauline Gordon

                                 Debtor.

)   Case No. 23-34253-KRH
)
)   Chapter 7
)

**CONSENT ORDER ON UNITED STATES TRUSTEE'S**
**MOTION TO EXAMINE DEBTOR'S TRANSACTIONS WITH**
**HENRY W. MCLAUGHLIN, III, ESQUIRE, AND**
**RETURN OF ATTORNEY'S FEES AND IMPOSITION OF SANCTIONS**

On February 28, 2024, the Court conducted a hearing on the United States Trustee's Motion to Examine Debtor's Transactions with Henry W. McLaughlin, III, Esquire, and Return of Attorney's Fees ("Motion"). (ECF 22). Having considered the Motion, and the statements of Counsel at hearing, particularly the statements of Henry W. McLaughlin, III that he accepts responsibility for his errors and omissions in this case, that he did not charge his client Pauline Gordon ("the Debtor") a legal fee in this case, that is no longer accepting for representation any bankruptcy cases filed under any chapter of the Bankruptcy Code in the Eastern District of Virginia, and that he is winding down his practice, and the Court having found that jurisdiction over this case and matter is proper, venue is proper, this is a core proceeding, that Henry W. McLaughlin, III charged the Debtor no fee in this case, that Henry W. McLaughlin, III last filed a bankruptcy petition for a client in the Eastern District of Virginia on December 13, 2023 and that was for the Debtor in this case, and that it is right and just to do so, it is hereby

---

Kathryn R. Montgomery (VSB 42380)
Shannon Pecoraro (VSB 46864)
Nisha R. Patel (VSB 83302)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

**ORDERED** that as of the date of entry of this Order, Henry W. McLaughlin, III shall not provide legal representation to any person filing a petition seeking relief under any chapter of the Bankruptcy Code in the Eastern District of Virginia without first seeking leave of Court; and[1]

It is **FURTHER ORDERED** that Henry W. McLaughlin, III is sanctioned in the amount of $25.00, which sanction shall be paid to the Debtor within ten (10) days of entry of this Order and which Henry W. McLaughlin, III shall provide proof of payment satisfactory to the United States Trustee within ten (10) days of payment.

The Clerk is directed to docket this Order in this case and in *In re Henry W. McLaughlin, III*, Misc. Proc. 23-00302 and to send electronic notifications of the entry of this Order to all registered users of the CM/ECF System that have appeared in this case and a copy to all parties listed on the Service List below and no further service shall be necessary.

DATED: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: _____

GERARD R. VETTER

Acting United States Trustee for Region Four

By: */s/ Kathryn R. Montgomery*
Kathryn R. Montgomery (VSB No. 42380)
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219
(804)771-2310
Kathryn.Montgomery@usdoj.gov

---

[1] For purposes of clarity, Henry W. McLaughlin, III may continue his current representation of clients in any bankruptcy cases filed prior to the date of entry of this Order.

2

SEEN AND AGREED:

*/s/ Henry W. McLaughlin, III (with permission by email dated January 18, 2024)*
Henry W. McLaughlin, III (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street
Suite 1050
Richmond, VA 23219
henry@mclaughlinvalaw.com

## CERTIFICATION

I hereby certify that this Order has been either served on or signed by all necessary parties.

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery

## SERVICE LIST

Pauline Gordon
3510 Carolina Avenue
Richmond, VA 23222-0000

Henry W. McLaughlin, III, Esq.
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street
Suite 1050
Richmond, VA 23219

William Anthony Broscious, Esq.
P.O. Box 71180
Henrico, VA 23255

Kathryn R. Montgomery, Esq.
Assistant United States Trustee
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219